UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  v. )<br>  )<br> JARED HUNTER ADAMS, )<br>  )<br> Defendant. )<br>  ) | Crim. Action No. 21-0212 (ABJ) |

**ORDER**

Defendant Jared Hunter Adams has been charged in a four-count information with the following offenses:

> Count I – entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1);
>
> Count II – disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2);
>
> Count III – violent entry and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and
>
> Count IV – parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Superseding Information [Dkt. # 44].

Adams has filed two motions to dismiss the counts in the information: one arguing that the counts are multiplicitous, and the other that the charges offend the Constitution. *See* Mot. to Dismiss Multiplicitous Counts [Dkt. # 51] ("Mot. I"); Mot. to Dismiss Information [Dkt. # 52] ("Mot. II"). The government opposes them both. Gov't's Mem. in Opp. to Def.'s Mot. I [Dkt. # 55] ("Opp. to Mot. I"); Gov't's Opp. to Def.'s Mot. II [Dkt. # 56] ("Opp. to Mot. II").

The Federal Rules of Criminal Procedure require that an information must consist of "a plain, concise, and definite written statement of the essential facts constituting the offense

charged." Fed. R. Crim. P. 7(c)(1). The charging document "need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018), quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014); *see United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).

A criminal defendant may move to dismiss an information before trial based on a "defect in the . . . information; including . . . charging the same offense in more than one count (multiplicity)," Fed. R. Crim. P. 12(b)(3)(B), and constitutional challenges. *See United States v. Eshetu*, 863 F.3d 946, 952 (D.C. Cir. 2017), *vacated in part on reh'g on other grounds*, 898 F.3d 36 (D.C. Cir. 2018). When considering a motion to dismiss an information, a court must assume the truth of the facts alleged. *United States v. Park*, 938 F.3d 354, 358 (D.C. Cir. 2019); *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015), citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). "[I]t is an unusual circumstance for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure." *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (alterations and internal quotation marks omitted).

### I.  Multiplicity

In the first motion to dismiss, defendant argues that "[c]onvictions for all of these counts would violate the Double Jeopardy Clause," by exposing him "to double, and even triple jeopardy for the same alleged acts." Mot. I at 1–2. Defendant further contends that "the unnecessary multiplication of counts will prejudice a jury against [him]." *Id.*

The Double Jeopardy Clause of the Constitution prohibits "multiple punishments for the same offense." *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), *cert. denied*, 529 U.S. 1005 (2000) (internal quotation marks omitted); U.S. Const. amend. V, cl. 2. Multiplicity arises when an information "charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), citing *Weathers*, 186 F.3d at 951, which can unfairly increase a defendant's exposure to criminal sanctions. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994).

But the test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). This exercise "focuses exclusively on the statutory elements of the offenses," *Weathers*, 186 F.3d at 954, and "not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998), citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975). Courts typically apply the *Blockburger* test unless the statutes "plainly express[]" congressional intent to impose separate punishments for the same alleged conduct. *Mahdi*, 598 F.3d at 888–89, citing *Garrett v. United States*, 471 U.S. 773, 779 (1985).

Although Counts I and II both charge offenses under 18 U.S.C. § 1752, the subsections of the statute that underlie Count I and Count II contain different elements. Section (a)(1), charged in Count I, requires a showing that the defendant "knowingly enter[ed] or remain[ed] in any restricted building or grounds without lawful authority to do so . . . or attempt[ed] or conspire[d] to do so." But section (a)(2) imposes criminal sanctions on one who "knowingly, and with intent

3

to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." In sum, as another court in this district put it, section (a)(1) "requires one to be in the restricted area, while (a)(2) does not; and violating (a)(2) requires that one engage in disruptive conduct, while the same is not true for (a)(1)." *United States v. Ballenger*, No. CR 21-719 (JEB), 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022).

Counts III and IV also charge offenses under a single statute, 40 U.S.C. § 5104, but the elements needed to find a violation of the relevant subsections differ in this instance as well. The elements of section (e)(2)(D), charged in Count III, require that the defendant "willfully and knowingly . . . utter[ed] loud, threatening, or abusive language, or engage[d] in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress." But section (e)(2)(G), charged in Count IV, does not require proof of an intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or committee hearings or deliberations. Nor does section (e)(2)(G) require proof that the defendant "utter[ed] loud, threatening, or abusive language, or engage[d] in disorderly or disruptive conduct." And section (e)(2)(G) requires proof of a fact that section (e)(2)(D) does not, and that is, that the conduct took place "in any of the Capitol buildings," while subsection (e)(2)(D) can also be violated on the surrounding Capitol grounds. Moreover, the offenses in 40 U.S.C. §§ 5104(e)(2)(D) and (G) differ from those in 18 U.S.C. §§ 1752(a)(1) and (a)(2); section 5104 of Title 40 is directed towards Congress, and it does not require that the offense occur

in a "restricted building or grounds," defined as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where . . . [a] person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). Section 1752, on the other hand, is focused on the Secret Service protectees, and it does not necessarily involve the Capitol.

"Some overlap in criminal provisions is, of course, inevitable," *Marinello v. United States*, 138 S. Ct. 1101, 1107 (2018), and "[i]t is not unusual for a particular act to violate more than one criminal statute." *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part and dissenting in part). While defendant's alleged actions on January 6, 2021 may have violated more than one statutory provision, he is not exempt from prosecution or punishment under any of them for that reason, and there is no legal requirement that the government elect to proceed under a single charge. Because all of the counts require proof of different elements, *Blockburger*, 284 U.S. at 304, defendant's motion to dismiss on the grounds of multiplicity is **DENIED**.

## II.     First Amendment Grounds

In defendant's second motion to dismiss, he argues that "the information pending against him [i]s violative of his First Amendment rights" because he is constitutionally permitted to record police officers in public. Mot. II at 1–2. The defendant asserts that he "went to the Capitol because he heard that the Capitol Police were attacking people and that members of ANTIFA were attacking Trump supports [*sic*]," and that "[h]e entered the Capitol to record what was happening and not for any other reason." *Id.* at 3.

But that is a factual assertion that does not reveal any defect in the charging document. It will be up to the jury to determine whether the government has proved the elements of each count – including, for those counts that require it, the necessary level of intent – and it would be premature to assess the sufficiency of the government's evidence at this time.

5

Moreover, Count I charges defendant with entering or remaining in a restricted building or grounds without authority to be there, and the building was closed on January 6. The count does not target protected activity at all, and it does not turn upon the defendant's motivation. Counts II and III are not directed at First Amendment activity either. They do require proof of an intent to disrupt government proceedings, but it will be up to the jury to determine if that has been shown or if the defendant was there for the reasons he claims. Count IV charges parading, picketing, or demonstrating in the building, and there too, the government will have to establish that the facts support the charge. While those activities could have expressive elements, defendant has not raised a facial challenge to section (e)(2)(G) or any other provision invoked in this case on the grounds that it is constitutionally overbroad, and the question of whether any of these laws is unconstitutional as applied to the defendant cannot be resolved in the absence of a factual record.

For these reasons, defendant's motion to dismiss the information on the grounds that it violates his constitutional rights is also **DENIED.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: January 23, 2023